**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No.
AMILCAR RAMIREZ,                                    14 CV 9420

                                                    Plaintiff,


                    -against-                                    ~~COMPLAINT~~
                                                    RECEIVED
                                                    NOV 2 6 2014
ASSIGNED CREDIT SOLUTIONS, INC.,
                                                    U.S.D.C. S.D. N.Y.
                                    Defendant.      CASHIERS
------------------------------------------------------------------------X

        Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon

knowledge as to himself and his own acts, and as to all other matters upon information

and belief, brings this complaint against above-named defendant and in support thereof

alleges the following:


                                INTRODUCTION


        1.      That this is an action for damages brought by an individual consumer

for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and

unfair acts and practices.

        2.      That, further, this is an action for damages and injunctive relief

brought by an individual consumer against defendant pursuant to New York General

Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.


                                    - 1 -

JURISDICTION AND VENUE

3.      That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.      That plaintiff is a natural person who resides in this District.

6.      That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.      That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes.

8.      That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.      That defendant uses the mail and the telephone to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11.	That the principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12.	That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.	That upon information and belief, defendant has a principal place of business in the State of New Jersey.

AS AND FOR A FIRST CAUSE OF ACTION

15 U.S.C. §§ 1692e and 1692e(11)

14.	That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15.	That on or about November 26, 2013 defendant telephoned plaintiff concerning a debt.

16.	That on the date of defendant's telephoned call the debt concerning which defendant telephoned plaintiff was a defaulted debt.

17.	That on the date of defendant's telephone call the debt concerning which defendant telephoned plaintiff was a defaulted consumer debt.

18.	That defendant's representative left a message on plaintiff's answering machine.

19.	That in the message defendant's representative stated that his name was Jason.

20.	That in the message defendant's representative stated that the message was for plaintiff.

21.     That in the message defendant's representative failed to disclose that the telephone call was from a debt collector, in violation of the FDCPA, including but not limited to § 1692e(11).

22.     That defendant is further in violation of the FDCPA § 1692e, as defendant's failure to disclose in the message that it was a debt collector constituted a false, deceptive and misleading means used by defendant in an attempt to collect a debt.

23.     That plaintiff felt confusion, irritation, surprise and emotional anxiety upon receipt of defendant's telephone message.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

24.     That plaintiff re-alleges paragraphs 1 to 23 as if fully re-stated herein.

25.     That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

26.     That defendant breached its duty to collect plaintiff's debt with reasonable care.

27      That in the exercise of reasonable care defendant ought to have disclosed in its telephone message to plaintiff that the message was from a debt collector.

28.     That, on information and belief, defendant leaves hundreds of telephone messages every month for New York consumers, in which defendant fails to disclose that the messages are from a debt collector.

29.     That defendant's conduct is therefore consumer-related.

30.     That defendant's failure to disclose in its telephone messages that it is a debt collector is a deceptive and misleading act and practice.

31.     That said deceptive and misleading act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

32.     That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

33.     That plaintiff felt confusion, irritation, surprise and emotional anxiety upon receipt of defendant's telephone message.

34.     That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

35.     That as a result of the above violations, defendant is liable to plaintiff for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

36.     That defendant's communications should be interpreted from the viewpoint of the hypothetical "least sophisticated consumer".

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     awarding statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(b)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)     enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e)     enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)     in the alternative, awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        November 25, 2014.

CONCETTA PUGLISI, ESQ. (CP 9790)
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Cpuglisi@fagensonpuglisi.com